**2017 UT App 14**

## THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF A.B. AND A.B.,
PERSONS UNDER EIGHTEEN YEARS OF AGE.

A.B.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20160793-CA
Filed January 26, 2017

Eighth District Juvenile Court, Duchesne Department
The Honorable Ryan B. Evershed
No. 1124702

A. Erin Bradley and Emily Adams, Attorneys
for Appellant

Sean D. Reyes, Carol L.C. Verdoia, and John M.
Peterson, Attorneys for Appellee

Martha Pierce, Guardian ad Litem

Before JUDGES J. FREDERIC VOROS JR., STEPHEN L. ROTH, and
JILL M. POHLMAN.

PER CURIAM:

¶1 A.B. (Mother) appeals the juvenile court's September 8, 2016 order placing her children in the permanent custody and guardianship of their grandfather. Mother claims that there was insufficient evidence to support the juvenile court's conclusion that it was in the best interests of the children to give the grandfather permanent custody and that the juvenile court

plainly erred in failing to enter findings of fact sufficient to enable review.

¶2 "[I]n order to overturn the juvenile court's decision [concerning the permanent status of a child,] '[t]he result must be against the clear weight of the evidence or leave the appellate court with a firm and definite conviction that a mistake has been made.'" *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435 (citation omitted). We "review the juvenile court's factual findings based upon the clearly erroneous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.* Further, we give the juvenile court a "'wide latitude of discretion as to the judgments arrived at' based upon not only the court's opportunity to judge credibility firsthand, but also based on the juvenile court judges' 'special training, experience and interest in this field.'" *Id.* (citations omitted). Finally, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12.

¶3 At the September 8, 2016 hearing, the juvenile court determined that returning the children into the custody of either of their parents "would create a substantial risk of detriment to the children's physical or emotional well-being" and would be "contrary to the welfare of the children." *See* Utah Code Ann. § 78A-6-314(2)(b) (LexisNexis Supp. 2016) (setting forth the standard to be considered in determining whether children should be returned to their parent's care). Mother asserts that there was insufficient evidence to support the court's findings. We disagree.

¶4 It is "[p]rima facie evidence that return of the minor to a parent or guardian would create a substantial risk of detriment to the minor" if a parent fails to participate, comply with, or meet the goals of a court-approved service plan. *Id.* § 78A-6-

314(2)(c).[1] It is undisputed that Mother failed to do any one of these things. In fact, the State had moved to terminate services during the previous hearing due to each parent's lack of involvement. However, the juvenile court denied the motion and provided each parent forty-five days to demonstrate their seriousness about regaining custody by engaging in the child and family plan. Mother failed to take advantage of this opportunity. Mother failed to even contact the case worker during those forty-five days, despite moving from one state to another. In so doing, she did not make the Division of Child and Family Services aware of her new living situation or seek assistance in obtaining services in the new state. Mother offered no explanation for her complete lack of communication. Further, she offered no legitimate justification for her failure to begin complying with the service plan. Such evidence supported court's the finding that Mother had failed to "participate in, to comply with (in whole or in part), or to meet the goals of the court-approved service plan." *See id.* This, in turn, supported the finding that returning the children to Mother would create a

---

1. Permanency hearings are less formal than traditional evidentiary hearings and a number of forms of evidence are not only allowed, but are required to be reviewed by the juvenile court, including:

> (a) the report prepared by the Division of Child and Family Services;
> (b) any admissible evidence offered by the minor's guardian ad litem;
> (c) any report submitted by the division under Subsection 78A-6-315(3)(a)(i);
> (d) any evidence regarding the efforts or progress demonstrated by the parent; and
> (e) the extent to which the parent cooperated and utilized the services provided.

Utah Code Ann. § 78A-6-314(3) (LexisNexis Supp. 2016).

substantial risk of detriment to the children. *See id*. In addition, evidence demonstrated that the children were doing well in the grandfather's home, were receiving adequate care, and were experiencing stability in their lives that had previously been lacking. Together, this evidence supported the juvenile court's findings. Because a foundation for the juvenile court's decision exists in the evidence, we may not reweigh that evidence. *See In re B.R.*, 2007 UT 82, ¶ 12.

¶5 Mother next argues that the juvenile court committed plain error by failing to enter findings of fact sufficient to enable judicial review. While we agree that the findings lack detail and could have been more artfully drafted, they are not so deficient as to constitute plain error. The court found that the "parents have failed to participate in, comply with (in whole or part), or to meet the goals of a court-approved service plan. The court gave the parents 45 days to show that they were actively working the case. The parents have failed to do anything on the service plan." This was prima facie evidence that return of the minors to Mother "would create a substantial risk of detriment to the minor[s]," Utah Code Ann. § 78A-6-314(2)(c), which the juvenile court so found. Mother failed to present any evidence to rebut that prima facie evidence. Accordingly, based on these findings the court was required to terminate reunification services and "make a final determination regarding whether termination of parental rights, adoption, or permanent custody and guardianship [was] the most appropriate final plan for the minor." *Id* § 78A-6-314(4)(b). Of these options, permanent custody and guardianship was the least damaging option to the relationship between Mother and the children. Therefore, having made findings so required by the applicable statute, the juvenile court did not commit plain error in failing to include additional findings.

¶6 Affirmed.

————————